SCHIFFER et al., Appellants, v. LAUTERBACH et al., Respondents. (Supreme Court, Appellate Division, First Department. March 10, 1899.) Action by Herman Schiffer and an-

·other against Edward Lauterbach and others. From a judgment dismissing the complaint on re-.port of a referee, and an order granting an extra allowance, plaintiffs appeal. Reversed. Samuel Untermeyer, for appellants. John E. Par-·sons, for respondents.

O'BRIEN, J. This action was brought by surviving partners to compel specific performance of agreements by which the beneficiaries of the will of Isaias Meyer were to convey their inter-·ests in the partnership of Pelgram & Meyer. The surviving partners, the Schiffers, based their ·claim upon an alleged agreement by which said interests were to be conveyed for the sum of .$585,000, or, failing in that, on the original partnership agreement, by which, according to the ·estimate presented, the interests were to be conveyed for the sum of $609,000. The action has .already been before this court, on a former ap-.peal (7 App. Div. 223, 40 N. Y. Supp. 40), and a new trial was then ordered for the reason that the trial judge, in dismissing the complaint on ·the ground that the $585,000 agreement was of ·no effect, refused to consider the plaintiff's rights under the original partnership agreement. This court held, as did the trial judge, that the .$585,000 agreement should receive no consideration, and in the opinion set forth the leading facts involved, but stated that the plaintiff should have been allowed to prove his claim, if possible, ·under the prior agreement. The referee has also discarded the $585,000 agreement, after receiving evidence in regard to it, for the same reasons as on the previous trial, namely, that it was not executed or delivered "as a consum-·mated and effectual instrument"; and we find no cause to change the decision, the pleadings ·and proof here submitted being almost identical with those previously presented. The other ·branch of the case—that relating to the rights of the parties under the first agreement—involves the same facts brought before the referee and determined by him in an action by the ex-·ecutors of Isaias Meyer tried at the same time, in which an appeal is also taken by the surviving partners. 56 N. Y. Supp. 674. The issues arising on the subject of the prior partnership agreement will therefore be considered in the disposition of the executors' action. For the reasons ·therein given, we think the judgment and order should be reversed, with costs to appellants to ·abide the event. All concur.